Robert P. Lake v. Commissioner.
Lake v. Commissioner
Docket No. 592.
United States Tax Court
1944 Tax Ct. Memo LEXIS 158; 3 T.C.M. (CCH) 775; T.C.M. (RIA) 44251; July 31, 1944
*158 Harry C. Weeks, Esq., Sinclair Bldg., Fort Worth, Tex., for the petitioner. Loyal E. Keir, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The respondent has determined a deficiency in income tax for the calendar year 1940 in the amount of $72.68. The deficiency resulted from the disallowance of a claimed net operating loss deduction carried forward from the preceding year. The sole question is whether the loss sustained by petitioner in 1939 was attributable to the operation of a trade or business regularly carried on within the meaning of section 122(d)(5) of the Internal Revenue Code, so as to permit the bringing forward of the loss as a deduction. [The Facts] Petitioner is a petroleum engineer. During the years here involved he resided in Tyler, Texas, and filed his income tax returns with the Collector of Internal Revenue for the second collection district of Texas. Upon graduation from Leland Stanford University in 1938, petitioner entered the employ of P. G. Lake, Inc., a corporation of which his father was president and principal stockholder. Petitioner became an officer and director of the corporation and his duties included buying and selling *159 oil properties, negotiating drilling contracts, scouting, and other miscellaneous activities. For these services he was paid a salary of $150 per month. In 1938 petitioner's father made him a gift of $5,000 and also loaned him additional sums of money. With this money petitioner acquired in 1938 certain oil properties consisting of 12 undeveloped oil and gas leases and several producing and nonproducing royalty interests. No purchases or sales of property were made in 1939, nor did petitioner develop or operate any of his leaseholds during that year. The only income he derived from oil interests in 1939 consisted of royalties amounting to $936.26, and lease rentals amounting to $24.30. At the close of 1939 his liabilities totaled $63,456.50, most of which represented indebtedness to his father on account of money loaned him. His oil properties consisted of the following: Cost
Producing Royalties
$ 6,152.75
Undeveloped Leases
20,167.08
Undeveloped Royalties
15,759.82
Contingent Lease Cost
10,000.00
In his return for 1939 petitioner reported a net loss of $2,807.69, due principally to a deduction of $4,800.20 for amortization on undeveloped leases. During the year *160 1940 petitioner made two sales of oil properties, one of which was reported as a short-term capital gain transaction, and the other as a long-term capital gain transaction. Other than these two transactions, petitioner made no sales of oil properties in 1940, neither did he develop or operate any of his leaseholds in that year. On these facts, we are called upon to decide whether the loss suffered by petitioner in 1939 was attributable to the operation of a trade or business regularly carried on by him so as to permit its deduction from 1940 income under the provisions of section 122(d)(5) of the Internal Revenue Code. [1]
*161 In our opinion it was not. The case falls within the rule of Higgins v. Commissioner, 312 U.S. 212; Bedell v. Commissioner, 30 Fed. (2d) 622; and Louise C. Slack, et al., Executors, 35 B.T.A. 271. The respondent is sustained. Decision will be entered for the respondent. Footnotes
1. Sec. 122. Net Operating Loss Deduction. * * * * *
(d) Exceptions, Additions, and Limitations. - The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows: * * * * *
(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business. For the purposes of this paragraph deductions and gross income shall be computed with the exceptions, additions, and limitations specified in paragraphs (1) to (4) of this subsection.↩